United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60453
Summary Calendar
_____

GARY LEE,

                                        Plaintiff-Appellant,

versus

B. BROWN,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:04-CV-40-P-D
---------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Gary Lee, Mississippi prisoner # 39820, seeks leave to

proceed in forma pauperis ("IFP") to appeal the dismissal of his

42 U.S.C. § 1983 complaint for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).  The district court denied IFP, certifying

that the appeal was not taken in good faith.  By moving for leave

to proceed IFP, Lee is challenging the district court's

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

Lee argues that the district court erred in dismissing his challenge to the disciplinary proceeding and failed to address his argument that the defendants interfered with his right of access to the courts by refusing to allow him to copy his habeas petition, placing him in confinement for a disciplinary violation for 20 days without legal assistance, and thereby prevented him from filing his habeas petition.  He also argues that the district court erred in dismissing his complaint without giving him an opportunity an opportunity to amend it.

Lee has not demonstrated any nonfrivolous ground for appeal. Lee's challenge to the disciplinary proceeding lacked merit as he was provided due process in the disciplinary proceeding, and his allegations did not demonstrate that the defendants had violated his constitutional rights.  Lee has not shown that the district court erred in determining that Lee raised his claim that he was denied access to the courts for the first time in a motion for an emergency order and that Lee was required to raise this new claim in a separate civil action after he had exhausted his administrative remedies.

Based on the foregoing, Lee has failed to show that his appeal involves "'legal points arguable on their merits (and therefore not frivolous).'"  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  His motion for IFP is therefore DENIED and his

appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24.  Lee's motion for appointment of counsel on appeal is also DENIED.

The district court's dismissal of Lee's complaint for failure to state a claim, and the dismissal of his appeal as frivolous by this court, each count as "strikes" under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Lee is be cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.